UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CR0406 CEJ/TCM |
| ) | |
| CHRISTOPHER CHANNEL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

This matter is before the Court on Defendant's Motion Pursuant to Fed.R.Crim.P. 12(b)(3)(B) to Dismiss the Portion of Count Two Included to Justify Enhancement under 18 U.S.C. § 924(j). [Doc. 33]

## Background

Defendant is charged in a two-count indictment with distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count I), and with acting with others and knowingly possessing a firearm in the furtherance of a drug-trafficking crime and, in the course thereof, causing the death of another through the use of a firearm, in violation of 18 U.S.C. § 924(c) and punishable under 18 U.S.C. § 924(j) (Count II). Section 924(j)(1) provides that punishment is enhanced in a drug crime when, in the course of the crime, a person causes the death of another through the use of a firearm. The enhanced punishment is either death or imprisonment for a term of years or for life. Id.

Defendant moves to dismiss that portion of Count II that concerns enhancement under § 924(j)(1), arguing that the alleged killing did not occur during a drug-trafficking crime. The alleged killing was a fatal shooting of a woman as she drove her car onto an interstate

highway entrance ramp. (Mot. at 4.) This woman was someone to whom Defendant had earlier sold crack cocaine. (Id. at 3.) He subsequently pled guilty in state court to charges arising from the drug sale. (Id.) Defendant argues that the shooting victim was alive when she left the drug transaction and her death by gunshot was separate from the drug sale. Consequently, the Court lacks jurisdiction over the shooting.

The Government counters that it will present evidence that the victim purchased drugs from Defendant and left without paying Defendant enough money for the drugs. Evidence will also be presented that after the short sale, Defendant ran to his vehicle and pointed a gun at the victim's car. A passenger in the victim's car heard gunshots seconds after pulling away from the drug sale. Less than one-half mile from the sale, the victim told this passenger that she had been shot. The Government further represents that there is evidence of Defendant chasing the victim in a car and of another possible gunshot fired from Defendant's vehicle.

## Discussion

Any attack on the sufficiency of the pending indictment is unavailing. "'An indictment is sufficient if fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution.'" **United States v. Banks**, 706 F.3d 901, 905 (8th Cir. 2013) (quoting United States v. Buchanan, 574 F.3d 554, 565 (8th Cir. 2009)). The indictment in the instant case is a plain, concise, and definite statement of the essential facts constituting the offense charged and complies in all respects with Rule 7(c) of the Federal Rules of Criminal Procedure. Moreover, the indictment closely tracks the language of the underlying statutes and, therefore, is legally sufficient. See **United States v. Dvorak**, 617 F.3d 1017, 1027 (8th Cir. 2010). See also **United States v. Pennington**, 168 F.3d 1060, 1064 (8th Cir. 1999) (rejecting as meritless sufficiency challenge to indictment

that, although it alleged offense recognized by law, did not cite statute and did not use exact words in statute; language in indictment was sufficient to apprise defendant of charges and to allow him to prepare effectively for trial).

Rather than challenge the language of the indictment, Defendant challenges the Government's charge that the fatal shooting cited in support of the requested enhancement was part of the drug-transaction. However, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." **United States v. DeLaurentis**, 230 F.3d 659, 660 (3rd Cir. 2000) (holding that Fed. R. Crim. P. 12(b)(2) authorizes dismissal of an indictment on the grounds that its allegations are not sufficient to charge an offense but not on the grounds that the evidence is not sufficient to prove the charges).

> "In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. . . . [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be."

**United States v. Ferro**, 252 F.3d 964, 968 (8th Cir. 2001) (quoting DeLaurentis, 230 F.3d at 661) (alterations in original). Also, "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." **United States v. Nelson**, 165 F.3d 1180, 1182 (8th Cir. 1999).

Defendant argues that the temporal relation between the drug sale and the shooting negates any connection between the two, thereby eliminating a § 924(j) enhancement from the case. Whether or not the fatal shooting was connected to the drug transaction is a matter

- 3 -

of proof to be resolved by a jury. See e.g. **United States v. Miller**, 283 F.3d 907, 912-13 (8th Cir. 2002) (discussing sufficiency of evidence to support jury's finding that death of person was through the use of a firearm during a drug-trafficking crime). Defendant's version of events describes two separate occurrences: first there was a drug sale and later that was a fatal shooting. The Government's version describes one sequence of events that began with a drug sale and ended with a fatal shooting. It is for the jury to resolve which version is more accurate. See e.g. **United States v. Clay**, 579 F.3d 919, 931 (8th Cir. 2009) (holding that the defendant's position that the victim's murder was a result of a separate drug conspiracy to which he was not a member was a question for the jury to decide).

In further support of his argument that the fatal shooting and drug transaction are two separate occurrences, Defendant cites § 924(c) and **United States v. Sandstrom**, 594 F.3d 634 (8th Cir. 2010). His reliance on **Sandstrom** for illustrating when crimes are separate offenses is unavailing. The court in that case rejected defendants' argument that § 924(c) did not allow two or more convictions when the predicate crimes of violence arose from the same conduct. The defendants were charged in one count with shooting a man because of his race and color at one location and in another count with shooting the same man for the same reasons at a different location. **Id.** at 651. In two other counts, they were charged under § 924(c) with using a firearm during the commission of the shooting crimes charged. **Id.** at 656-57. The court held that the two shootings supported the two § 924(c) convictions because the two uses of a firearm were separate offenses. **Id.** at 659. In the instant case, the question whether the fatal shooting was separate from the drug transaction is for the jury to resolve.

Finally, Defendant argues that the Government has no jurisdiction to use the fatal shooting to enhance his punishment because the victim was not killed on United States Government property or on an area under its control. The allegation that the victim was murdered in relation to a drug transaction vests the federal court with jurisdiction under the statute, notwithstanding the fact that the murder did not occur on federal land. See **Miller**, 283 F.3d at 914 (noting that Congress may regulate the possession of drugs and the use of firearms in connection with the drug trafficking).

Moreover, not only may federal law enforcement authorities prosecute acts that violate both federal and state statutes, both sovereignties may prosecute the same person for the same acts. **Abbate v. United States**, 359 U.S. 187 (1959). "We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. . . . It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by both." **Id.** at 194 (quoting United States v. Lanza, 260 U.S. 377, 382 (1922)). And, cooperation between state and federal law enforcement authorities is no violation of the defendant's rights. **Bartkus v. Illinois**, 359 U.S. 121, 123 (1959); **United States v. Talley**, 16 F.3d 972, 974 (8th Cir. 1994).

Therefore, for the foregoing reasons, Defendant's Rule 12(b)(3)(B) argument fails. His motion to dismiss that portion of Count II that seeks a punishment enhancement under 18 U.S.C. § 924(j)(1) should be denied.

Also pending is the Government's motion for pretrial determination of the admissibility of statements made by Defendant. This motion will be denied as moot.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of April, 2014.